(37 Misc. Rep. 317.)

### In re KENNEDY et al.

(Supreme Court, Special Term, Ulster County. February, 1902.)

CORPORATION—INSPECTION OF BOOKS.
>  Where testator owned in his lifetime more than a quarter of the capital stock of a corporation, having no market value, his executors and trustees, for the purpose of a pending transfer-tax appraisal of his estate, have a right to inspect the books of the corporation, that they may testify as to such value, though testator and the other members of the corporation have been rivals in business, where the executors and trustees allege that they have been refused information as to the affairs of the corporation, and that their application is not made in bad faith and in an attempt to learn trade secrets.

In the matter of the petition of Gilbert F. Kennedy and others, executors of David Kennedy, deceased, for the inspection of the books and records of the Dr. David Kennedy Corporation. Writ of mandamus granted.

Brinnier & Searing, for petitioners.

Amos Van Etten (Howard Chipp, of counsel), for defendant corporation.

BETTS, J. The petitioners herein, as executors and trustees under the will of David Kennedy, deceased, ask that a peremptory writ of mandamus issue, directed to the officers and directors of the Dr. David Kennedy Corporation, commanding them to exhibit to the petitioners and their attorneys and accountants all books of account, records, and papers of the said corporation from January 1, 1898, to the time of such exhibition, and to permit them to fully examine the same and take extracts therefrom. The reason assigned for asking this information at this time is that a proceeding is now pending in the surrogate's court before the county treasurer, as appraiser, to fix the values

of the taxable transfer under the will of said David Kennedy, deceased, and the petitioners allege that, in order to fix such values, it is necessary for them to have the information herein sought for; that the stock has no market value, and there is no other way in which they can prepare themselves for this proceeding, or ascertain to their own satisfaction the value of their holdings in this corporation. The answering affidavits of Augustus J. Phillips and S. Kent Page, two of the officers and directors of the corporation, deny many of the allegations of the petitioners, and allege, in substance: First, that said stock appears on the stock book of the corporation in the name of Dr. Kennedy; second, that the corporation conducts its business in the same manner as it was formerly conducted by Dr. David Kennedy, now deceased, who was the first owner thereof, and sold it to this corporation; third, that the petitioners have formed a corporation called the Calcura Company, which is now conducting a business in competition with the Dr. David Kennedy Corporation; fourth, that this proceeding is instituted mainly for the purpose of getting into possession of the methods of business of the Dr. David Kennedy Corporation, the rates paid by it for advertising, the newspapers in which it advertises, and other trade secrets, for the purpose of using the same in their business, to the damage and injury of the Dr. David Kennedy Corporation; fifth, that the taxable transfer appraisal mentioned is a mere pretext; sixth, that various litigations have been had between the late David Kennedy, the Calcura Company, the petitioners, and the Dr. David Kennedy Corporation, some of which are still pending, and hence such an examination would be a great injury to the Dr. David. Kennedy Corporation in its business.

Among other reasons given for the bad faith of the petitioners is one,—that the late Dr. Kennedy and the petitioners have frequently and unsuccessfully requested the information here sought, some time prior to the pendency of the proceedings to ascertain the taxable transfer values. The principal point made by the corporation, however, is that, the facts claimed by the petitioners being denied by the affidavits of the officers of the corporation, if a peremptory writ is asked for, the facts in the answering affidavits must be taken as true, and the question as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true; hence, the facts in the petition being substantially all denied, that the application must either be denied, or an alternative writ issued in the first instance. There is no doubt about the rule. It is as claimed by the corporation. People v. Mayor, etc., of City of Brooklyn, 149 N. Y. 215, 43 N. E. 554. It is also true that conclusions, only, of the affiants—either the petitioners or the respondents—are not to be considered. It has been held by the court of appeals in Re Steinway, 159 N. Y. 250–263, 53 N. E. 1103, 1107, 45 L. R. A. 461 (a case in many respects similar to the one we are considering), that:

"A stockholder has the right at common law to inspect the books of his corporation at a proper time and place, and for a proper purpose; and, if this right is refused by the officers in charge, a writ of mandamus may issue, in the sound discretion of the court, with suitable safeguards to protect the interests of all concerned."

Viewed in the light of this decision, let us briefly examine the controversy here presented. The petitioners are executors and trustees under the will of David Kennedy. They allege that they are the owners of 400 shares of this stock, as such. It is replied that this stock has not been transferred to them, but stands in the name of Dr. Kennedy,—evidently an error on the part of those making the opposing affidavits, intending to mean the late David Kennedy. Section 2712 of the Code of Civil Procedure defines what are assets of a testator,—as, amongst other things, "stock in any corporation or any joint-stock association,"—and provides that assets go to the executors. It is not denied that the proceeding is pending in the surrogate's court for the determination of the taxable transfer tax in the estate of which the petitioners are executors and trustees. Upon such a proceeding the parties interested in the said estate—executors, trustees, or beneficiaries under the will—are permitted to testify to the value of stock of this kind, which has no market value, subject, of course, to cross-examination by the representatives of the county treasurer or comptroller as to the extent and accuracy of their knowledge. The executors and trustees are made personally liable for the payment of this tax. After 18 months have elapsed from the death of the testator an additional percentage by way of penalty is added by statute for the neglect or delay in payment of the tax. Laws 1896, c. 908, as amended. It is difficult for the court, upon the papers here submitted, to understand how the petitioners can testify to the value of this stock from the information they have, or have been furnished by the corporation. Attempts have been repeatedly made by the petitioners and the late Dr. Kennedy for information concerning the affairs of the company, which have not been successful. The petitioners allege that the purpose for which they now desire an inspection of the books is to prepare themselves for this proceeding pending in the surrogate's court, and thereby protect the interests of the estate of David Kennedy. The answering affidavits deny this, and allege that it is for a different purpose, and one injurious to this company. The petitioners, as executors and trustees, and individually, own 500 shares of the stock of this corporation. The total amount of the stock is 1,500 shares, so that the petitioners, as executors and trustees, and individually, own one-third thereof. It was argued by the attorney for the corporation that this stock was worth about par. Assuming this to be true, the value of the interest of the petitioners is $50,000 in the property of this corporation; hence, if they are attempting to injure the corporation, they must of necessity injure their own large holdings therein. In other words, for every $3 which they succeed in injuring the corporation property, they thereby destroy $1 of their own. The value of the interest of the petitioners in the Calcura Company is not shown. Neither is it shown that it has any value. Should the court assume from the affidavits of the corporate officers, which must assuredly be the conclusion of the affiants, that the petitioners herein are endeavoring to injure the property of the corporation, and sacrifice their own large property interests therein, in order to benefit some other property they may have, which is not shown here to have any value? Such assumption is not in accord with the sentiments and the interests by which

people are usually moved.   It is not in accord with the usual sentiment of self-protection of caring for one's own.   The answering affidavits are not entirely consistent, for the reason that in one part thereof they assert that the corporate business is continued in the same manner and by the same methods that it was by the late Dr. Kennedy, with which the petitioners are apparently familiar, and in another part assert that the petitioners are now trying to ascertain its methods of doing business.   This statement was made by the attorneys for the petitioners on the argument that the petitioners have no desire to ascertain the advertising contracts or any of the trade secrets of the corporation.   It does not seem to be an extraordinary right that these petitioners are invoking.   They are simply asking to look at their own.   While, under our statute, the operation and conduct of the business of corporations are confided to its directors, still the property of the corporation is owned by its stockholders.   It would seem that under proper restrictions the right should be granted to them, for a proper purpose, to inspect at any time the books of the corporation, subject to proper safeguards, so as not to interfere with the business thereof; and the decisions so held.   The Steinway Case, supra, and cases cited therein.

I am of the opinion that the petitioners have shown a proper purpose for the inspection of the books of the corporation, and a peremptory writ of mandamus may issue, permitting such inspection at such time or times as will least inconvenience the operation of the officers of the corporation, and with suitable safeguards to protect the interests of all concerned.   This matter is of quite some importance to both the petitioners and the corporation, and, if the form of the order be not agreed upon, it may be settled upon two days' notice.

Ordered accordingly.